IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 09-cv-00673-WDM-KMT

LLH OPERATIONS LLLP and the
ESTATE OF MARY B. FASSETT,
Individually and as representative Plaintiffs on behalf of persons similarly situated,

    Plaintiffs,

v.

SAMSON RESOURCES COMPANY
an Oklahoma corporation,

    Defendant.

## ORDER ON MOTION TO REMAND

Miller, J.

This case is before me on the Motion to Remand (doc no 11) filed by Plaintiffs. Defendant removed this case to this Court on March 25, 2009 on the basis of diversity jurisdiction, specifically those provisions relating to class actions. 28 U.S.C. § 1332(d)(1) and (2). Plaintiffs contend that Defendants have failed to establish jurisdictional facts by a preponderance of the evidence. I have reviewed the parties' written arguments and find oral argument is not required. For the reasons that follow, Plaintiffs' motion will be denied.

The underlying action is a claim by Plaintiffs, purported to be a class consisting of more than 200 persons, against Defendant for underpaid natural gas royalties. It is undisputed that the named Plaintiffs are citizens of Colorado and that the Defendant is a citizen of Oklahoma; the only matter at issue is the amount in controversy. The

complaint does not set forth an affirmative amount sought by Plaintiffs individually or collectively.  Rather, Plaintiffs assert that "Defendant has exclusive control of the information required to calculate royalty payments and to determine the amount of Deductions which it has taken from royalty payments to the Plaintiff class."  Complaint ¶ 15.  In addition, Plaintiffs state only "The amount in controversy, with respect to at least one of the plaintiffs, is less than $75,000.00."  *Id.* ¶ 34.

In connection with Defendant's Notice of Removal (doc no 1), Defendants provide an affidavit executed by Defendant's Chief Financial Officer, C. Philip Tholen, ("Tholen Affidavit").  In it, Mr. Tholen states that he has reviewed the Plaintiffs' complaint and the company's accounting records and "I believe the total amount of damages under all claims set forth by plaintiffs therein (including claims on behalf of all the potential members of the proposed class) to be in excess of Five Million US dollars."  Tholen Affidavit ¶ 4.

In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001).  The amount in controversy is determined by the allegations of the complaint or, if the complaint is not dispositive, by the allegations in the notice of removal.  *Id.* at 1290.  When the plaintiff's damages are unspecified, as they are here, the defendant must establish the jurisdictional amount by a preponderance of the evidence; the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice."  *Id.* (citations omitted; emphasis in the original).

As noted by Defendant, the Tenth Circuit has recently clarified the burden on and

2

means by which a defendant seeking removal may establish the amount at issue in cases such as this. *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008). In *McPhail*, the court has made clear that the preponderance of the evidence standard "applies to jurisdictional facts, not jurisdiction itself." *Id.* at 954. Therefore, the removing defendant must establish what the plaintiff stands to recover, which may be done by interrogatories or admissions in state court, by calculations from the complaint's allegations, by reference to the plaintiff's informal estimates or settlement demands, or by introducing evidence, in the form of affidavits from the defendant's employees or experts about how much it would cost to satisfy the plaintiff's demands. *Id.* (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)). If material factual allegations are contested, and the defendant establishes those facts by a preponderance of the evidence, dismissal is not merited unless it is "legally certain" that the recovery or cost of complying with the judgment will be less than the jurisdictional floor. *Id.* at 955 (quoting *Meridian*, 441 F.3d at 543).

The parties agree that 28 U.S.C. § 1332(d)(2) applies here, which gives the federal district courts jurisdiction in civil class actions if the amount in controversy exceeds $5 million, exclusive of interests and costs, and the parties are diverse. Plaintiffs do not actually dispute the assertion in the Tholen Affidavit that the aggregate amount of damages is estimated to be in excess of $5 million. Rather, they contend that more of a factual showing is required to reveal how Mr. Tholen arrived at this figure and what information was used, and whether his estimate is only a "belief."

Given that Plaintiffs do not dispute that the amount in controversy could exceed $5 million, I conclude that Defendant has satisfied its burden of offering competent

3

evidence to prove by a preponderance of the evidence that this jurisdictional fact is met. Mr. Tholen plainly has personal knowledge and sets forth the basis of that knowledge, specifically the company's internal records regarding the class of persons described in the complaint. Plaintiffs appear to have the ability to make a counter-factual showing. They contend that certain deductions were made for some period, then discontinued, but never refunded. Presumably Plaintiffs can estimate the time period for which they seek a refund of these deductions and can make a preliminary factual showing regarding the amount in controversy for at least the named Plaintiffs. This distinguishes Plaintiffs' case from the case upon which they place much reliance, *Freebird, Inc. v. Merit Energy Co.,* 597 F.Supp.2d 1245 (D.Kan. 2009). In *Freebird*, the class action petition expressly disclaimed damages in excess of the jurisdictional amount, creating an issue of fact that had to be resolved. Absent any factual dispute or reason to question the basis of Mr. Tholen's estimate, Defendant has satisfied its burden. However, in the event that Plaintiffs obtain in discovery or otherwise evidence establishing to a "legal certainty" that the amount in controversy is less than the jurisdictional amount, I will revisit the issue.

Accordingly, it is ordered:

1. Plaintiffs' Motion to Remand (doc no 11) is denied.

DATED at Denver, Colorado, on June 2, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge