**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-00673-WDM-KMT

LLH OPERATIONS LLLP, et al.,

        Plaintiffs,

v.

SAMSON RESOURCES COMPANY,

        Defendant.

**ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS,
PRELIMINARILY APPROVING SETTLEMENT AGREEMENT,
APPROVING FORM OF NOTICE,
AND SCHEDULING FAIRNESS HEARING**

This matter is before me on the parties' Joint Motion to Enter Order Conditionally Certifying a Plaintiff Class, Preliminarily Approving Settlement Agreement, Approving Form of Notice, and Scheduling Fairness Hearing, previously filed herein, in which the parties request that this Court: (1) conditionally certify a plaintiff class, pursuant to Fed.R.Civ. P. 23; (2) conditionally approve the Settlement Agreement; (3) approve a Notice for mailing to the members of that plaintiff class; and (4) schedule a Fairness Hearing, to consider approval of the Settlement Agreement and approval of Class Counsel's request for payment of attorneys' fees and expenses from the common fund created by the settlement.

Following hearing on February 10, 2010, and being sufficiently advised in the premises, I make the following findings and enter the following orders:

**A. THE SETTLEMENT AGREEMENT.**

1.      The parties entered into a Settlement Agreement, effective November 1, 2009, which is attached to the Joint Motion (Doc. No. 68-2). The definitions in the Settlement Agreement are incorporated by reference.

2. The Settlement Agreement appears to be within the range of reasonableness and, accordingly, shall be submitted to the members of the Potential Class Members for their consideration and further considered by me at a hearing pursuant to Fed.R.Civ.P. 23(e).

**B.     CLASS CERTIFICATION**.

1.      The parties jointly move to conditionally certify a Settlement Class of plaintiffs, described as follows, for the purpose of complying with the notice requirements of Fed.R.Civ. P. 23(c)(2):

> all persons or entities who have received royalty payments from Samson for royalty interests in gas production from properties in La Plata County, Colorado except to the extent that their underlying written oil and gas lease or assignment of overriding royalty interest therein expressly authorize the deduction of expenses incurred to produce the gas or place it in marketable condition at a marketable location, including expenses of compression, gathering, treatment and dehydration.

Excluded from the proposed Settlement Class are the following persons and entities:

(a) those persons or entities whose underlying written oil and gas lease or assignment of overriding royalty interest therein expressly authorizes the deduction of expenses incurred to produce the gas or place it in marketable condition at a marketable location, including expenses of compression, gathering, treatment and dehydration, but such persons or entities are not excluded to the extent their leases or assignments do not contain such express authorization;

(b) The United States of America insofar as its mineral interests are managed by the Minerals Management Service (but including instrumentalities of the United States and federally chartered corporations);

(c) The Southern Ute Indian Tribe;

(d) Samson and its affiliates and subsidiaries;

(e) Elm Ridge Exploration Co., LLC;

(f) Bayless Ranches LLC;

(g) Maralex Resources, Inc.

(h) BP America Production Co.;

(I) TH McElvain Oil & Gas Limited Partnership;

(j) San Juan Basin Properties LLC;

(k) Patricia Penrose Schieffer;

(l) McElvain Oil Company;

(m) Vaughn-McElvain Energy;

(n) J&M Raymond;

(o) Raymond & Sons I LLC;

    (p) Tamacam LLC;

    (q) XTO Energy Inc.;

    (r) Charles W. Gay;

    (s) Lorrayn Gay Hacker;

    (t) Enervest Operating LLC, Agent for EV Properties LP; and

    (u) The affiliates, subsidiaries, divisions, trade names, prior names, predecessors, later names, or successors of any of the persons or entities identified in subparagraphs A(1)(e) through A(1)(t) above.

All persons and entities who fall within the definition of the proposed Settlement Class are referred to in the Settlement Agreement as "Potential Class Members," and that term has the same meaning herein.

    2.  The parties represent that the prerequisites to maintain this action as a class action set forth in Fed. R. Civ. P. 23(a) are met for purposes of settlement: (a) there are in excess of 900 Potential Class Members and their joinder would be impracticable; (b) there are questions of law and fact common to the Potential Class Members; (c) the claims of the named Plaintiffs are typical of the claims of the Potential Class Members; and (d) class counsel are experienced and qualified, and they and the Plaintiffs will fairly and adequately protect the interests of the class regarding the proposed settlement.

    3.  The parties represent that, for purposes of settlement, the requirements of Fed. R. Civ. P. 23(b)(3) are met in that (a) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy; and (b) questions affecting only individual class members and any difficulty they may present for trial are avoided by

settlement.

    4.    I find that the class described above should be conditionally certified for purposes of further proceedings pursuant to this Order.  All Potential Class Members should be given notice as more fully described below and I will make a final determination regarding class certification at a future date.

    5.    Plaintiffs LLH Operations, LLLP and the Estate of Mary J. Fassett are conditionally designated as the Class Representatives.

    6.    G.R. Miller, of Miller, Agro & Robbins, LLC, and David G. Seely, Gregory J. Stucky, and Thomas D. Kitch, of Fleeson, Gooing, Coulson & Kitch, L.L.C., are conditionally designated as Class Counsel.

### C.    THE FAIRNESS HEARING.

    1.    A Fairness Hearing should be held on the **20th day of May, 2010, at 9:00 a.m.**, in the Alfred A. Arraj United States Courthouse, 901 19th St. Courtroom A902, to determine whether to certify the Settlement Class; whether the Settlement Agreement is fair, reasonable and adequate to the members of the Settlement Class; and whether it should therefore be finally approved.  I may consider Class Counsel's request for payment of attorneys' fees and expenses from the common fund created by the settlement; the Preliminary Payment Schedule; and any other matters properly brought before the Court.

### D.    NOTICE OF THE FAIRNESS HEARING.

    1.    On or before thirty (30) days after entry of this Order, Defendant shall deliver to Class Counsel by hard copy and in readily accessible electronic format, the names, owner numbers, and current or last known addresses of members of all Potential Class Members,

as reflected in Defendant's royalty accounting records, as well as information that identifies each Potential Class Member as a royalty owner or overriding royalty owner.

2. The Notice, attached hereto as Exhibit A, is approved. On or before forty-five (45) days after entry of this Order, Class Counsel shall mail to those persons and entities appearing on the list described in paragraph D.1. above a copy of the Notice.

3. Within fifteen (15) days of mailing the Notice, Class Counsel shall file with the Clerk an affidavit identifying the persons to whom the Notice has been mailed.

4. Within ten (10) days after the date provided for mailing of the Notice, Class Counsel shall cause a copy of the Notice to be published in *The Durango Herald*, and a week after the first publication, cause a copy of the Notice to be again published in the same newspaper.

5. Mailing and publication as set forth herein constitutes the best notice practicable under the circumstances, including individual notice to all Potential Class members who can be identified through reasonable effort, and is sufficient notice of the matters set forth in the Notice to all Potential Class Members. The Notice together with the mailing and publication set forth herein fully satisfy the requirements of due process as required under Fed.R.Civ.P. 23.

6. Each Potential Class Member who wishes to be excluded from the Class must complete a Request for Exclusion and return it to the Clerk of The U.S. District Court, Alfred A. Arraj United States Courthouse, Room A105, 901 19th Street Denver, Colorado 80294-3589, by U.S. mail such that it is received at least ten (10) days prior to the Settlement Fairness Hearing.

7. Each person who wishes to appear at the Settlement Fairness Hearing

through separate counsel and/or to challenge the fairness, reasonableness or adequacy of the Settlement Agreement, or any provision thereof, should file with the Clerk of this Court, and mail or deliver to Class Counsel such that it is received at least ten (10) days prior to the Settlement Fairness Hearing, a written objection containing the following:

(a) A heading referring to Case No. 1:09-cv-000673 WDM-KMT and to the United States District Court for The District of Colorado;

(b) A statement as to whether the objector intends to appear at the Settlement Fairness Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address and telephone number;

(c) A detailed statement of the specific legal and factual basis for each and every objection;

(d) A list of any witnesses the objector may call at the Settlement Fairness Hearing, together with a brief summary of each witness' expected testimony;

(e) A list and copies of any exhibits that the objector may seek to use at the Settlement Fairness Hearing;

(f) The objector's current address and telephone number; and

(g) The objector's signature.

**E.  MISCELLANEOUS**.

1. At least forty-five (45) days before the Fairness Hearing, Defendant shall file the Preliminary Payment Schedule with the Court under seal and shall also file a version of the Preliminary Payment Schedule (without names of the Potential Class Members but by the identification number of the each such members assigned to it by Defendant in its normal course

of business) with the Court and furnish Class Counsel with the Preliminary Payment Schedule in electronic format.

2. Within five (5) business days of the receipt of the Preliminary Payment Schedule from Defendant, Class Counsel shall post the Preliminary Payment Schedule (without names of the members of the Plaintiff Class but by the identification number of the each such members assigned to it by Defendant in its normal course of business) on the web site: www.fleeson.com.

3. On or before twenty-one (21) days prior to the Fairness Hearing, Class Counsel shall file their application for attorney fees and expenses.

4. This case is stayed pending further proceedings in connection with the proposed Settlement.

5. In the event the proposed Settlement is not approved, or fails to become effective, then the conditional certification of a class for settlement purposes will terminate and the case will proceed, with the parties reserving their respective rights on the Plaintiffs' request for class certification and on the merits of the claims and defenses, as provided in the Settlement Agreement.

DATED this 17th day of February, 2010.

s/ Walker D. Miller

_____
THE HONORABLE WALKER D. MILLER
SENIOR U.S. DISTRICT JUDGE