IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-000673-WDM-KMT

LLH OPERATIONS LLLP, et al.,

        Plaintiffs,

v.

SAMSON RESOURCES COMPANY,

        Defendant.

## ORDER

This matter is before me on the parties' joint request for approval of a class action Settlement Agreement, attached as Exhibit 1 ("Agreement"); Plan of Allocation, attached as Exhibit 3; the Preliminary Payment Schedule; and the amount of the attorney fees and expenses payable to class counsel, all of which are based upon the requested class certification as described in the Agreement.

Pursuant to my February 17, 2010 order conditionally approving the settlement (Doc. No. 78) a fairness hearing was scheduled, noticed and held on May 20, 2010, at which evidence was presented, counsel heard, and the public given full opportunity to be heard. Following the hearings held on February 10, 2010, and May 20, 2010, review of all pleadings and being sufficiently advised in the premises, I make the following findings and conclusions and enter the following orders:

1.     The definitions in Section 1 of the Agreement are incorporated by reference and identified by capitalizing the first letter of each defined word or phrase.

2.     Reasonable notice of this hearing has been given to members of the Settlement Class as Class Counsel mailed the Notice approved by me to all Potential

Class Members who could be reasonably identified. In addition, the Notice was published once for two consecutive weeks, in *The Durango Herald*.

3. No objections were filed, and no objections were raised at the hearings.

4. I find that the requirements for class certification are satisfied, for settlement purposes only, with regard to the Settlement Class.

    (a) The Settled Claims as defined in the Settlement Agreement all arise from the same nucleus of operative facts and form part of the same case or controversy as alleged against Samson in the Complaint.

    (b) The Settlement Class Members are so numerous that joinder is impractical.

    (c) There are questions of law and fact common to the Settlement Class Members and Plaintiffs.

    (d) The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members, and a settlement of Settlement Class Members' claims by a class action under Fed.R.Civ.P. 23 is superior to other available methods for the fair and effective settlement and adjudication of the controversy.

    (e) Plaintiffs' claims are typical of the Settlement Class Members' claims.

    (f) Settlement Class Members have no special interest in individually controlling the prosecution of separate actions.

    (g) Class Counsel are experienced and fully qualified.

    (h) Plaintiffs are adequate representatives of the Settlement Class and

they, along with Class Counsel, will fairly and adequately represent the interests of Settlement Class Members.

(j) No significant difficulties are likely to be encountered in the management of the action as a class action for settlement purposes.

5. Accordingly, I certify, for settlement purposes only, the following Settlement Class:

ALL PERSONS OR ENTITIES WHO HAVE RECEIVED ROYALTY PAYMENTS FROM SAMSON FOR ROYALTY INTERESTS IN GAS PRODUCTION FROM PROPERTIES IN LA PLATA COUNTY, COLORADO, EXCEPT:

(a) those persons or entities whose underlying written oil and gas lease or assignment of overriding royalty interest therein expressly authorizes the deduction of expenses incurred to produce the gas or place it in marketable condition at a marketable location, including expenses of compression, gathering, treatment and dehydration, but such persons or entities are not excluded to the extent their leases or assignments do not contain such express authorization;

(b) The United States of America insofar as its mineral interests are managed by the Minerals Management Service (but including instrumentalities of the United States and federally chartered corporations);

(c) The Southern Ute Indian Tribe;

(d) Samson and its affiliates and subsidiaries;

(e) Elm Ridge Exploration Co., LLC;

(f) Bayless Ranches LLC;

(g) Maralex Resources, Inc.

(h) BP America Production Co.;

(i) TH McElvain Oil & Gas Limited Partnership;

(j) San Juan Basin Properties LLC;

(k) Patricia Penrose Schieffer;

(l) McElvain Oil Company;

(m) Vaughn-McElvain Energy;

(n) J&M Raymond;

(o) Raymond & Sons I LLC;

(p) Tamacam LLC;

(q) XTO Energy Inc.;

(r) Charles W. Gay;

(s) Lorrayn Gay Hacker;

(t) Enervest Operating LLC, Agent for EV Properties LP; and

(u) The affiliates, subsidiaries, divisions, trade names, prior names, predecessors, later names, or successors of any of the persons or entities identified in 7(e) through 7(t) above.

6. Attached hereto as Exhibit 2 is a list of persons, firms and corporations who filed with the Clerk of the District Court their election to opt out of the Class. As explained in the Notice to members of the Class, Fed.R.Civ. P. 23(c)(2) provides that this Court shall exclude any member from the Class if that member so requests. Accordingly, I find that those listed on Exhibit 2 are excluded from the Class and are not bound by this Order nor entitled to the benefits provided in this Order.

7. Rule 23(e) provides that an action brought as a class action "may be settled, voluntarily dismissed, or compromised only with the court's approval" and that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The Court directed appropriate notice, which has been given, and, at the hearing held as noticed, all parties interested have had an opportunity to be heard as to whether or not the settlement as set forth in the Agreement shall be approved by the Court.

8. Plaintiffs and Class Counsel entered into the Agreement: (i) after taking into account the uncertainties, risks and potential delays associated with the continued prosecution of the Action, including those involved in securing a final judgment that would be favorable to the Settlement Class and not be disturbed on appeal; (ii) after taking into account the substantial benefits that will be received as a result of the Settlement; and (iii) after having concluded that the Settlement provided for herein confers substantial benefits on the members of the Settlement Class, and is fair, just, reasonable, adequate and in the best interests of the Class.

9. Defendant Samson has denied and continues to deny the respective claims alleged by Plaintiffs against it in the Class Suit. Samson has asserted and continues to assert many defenses thereto, and Samson expressly denies and continues to deny its own wrongdoing or legal liability arising out of the conduct alleged in the Class. Samson entered into the Agreement solely in order to put to rest the present controversy and all other possible controversies between Plaintiffs, the Settlement Class and Samson and to avoid the further expense, inconvenience and disruption of defending against the Class Suit. Samson has also taken into account the

uncertainty and risks inherent in any litigation, especially in complex cases like the Class Suit, and the fact that substantial amounts of time, energy and resources of Samson have been and, unless this Settlement is consummated, will continue to be, devoted to the defense of this Class Suit. Samson has, therefore, determined that it is desirable and beneficial to it that the action be settled in the manner and upon the terms and conditions set forth in the Agreement.

10. A class action settlement should be approved only if it is fair, reasonable and adequate after comparing the terms of the Settlement with the likely rewards of litigation. *See* Fed. R. Civ. P. 23(e)(2). In assessing the reasonableness and adequacy of a settlement in a class action, the Tenth Circuit has instructed that the trial court should consider the following factors:

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir.1984) (citing *In re King Resources Co. Securities Litigation*, 420 F.Supp. 610 (D.Colo.1976)). *See also, e.g., In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1266 (10th Cir. 2004).

11. The Settlement as set forth in the Agreement was fairly and honestly negotiated through arms-length, vigorous, and extensive negotiations between the parties and their counsel, including a mediation conducted by Magistrate Judge

Kathleen M. Tafoya, and that the parties participated directly in the settlement process.

12. I do not decide the merits of this controversy, but I do find that there exist serious questions of law and fact which place the ultimate outcome of this litigation in doubt and that, while the Settlement Class might possibly ultimately receive more if the case was to be prosecuted to its ultimate conclusion, it is also possible that there would be no recovery.

13. I recognize that if this Settlement as set forth in the Agreement had not been reached, even if the Settlement Class had prevailed, any recovery would have been delayed for a lengthy period of time given the high probability of an appeal and, in the event of a reversal or modification, a further delay resulting from another lengthy trial. Accordingly, I conclude that the immediate and substantial recovery provided under the terms of the Settlement outweighs the possibility of additional future relief after protracted and expensive litigation.

14. The Settlement as set forth in the Agreement was arrived at in good faith and was based on a realistic appraisal by the parties and their counsel of the difficulties inherent in a case of this magnitude and complexity, and on their informed judgment that the settlement is fair and reasonable.

15. Based on all of the foregoing, I find the Settlement as set forth in the Agreement to be bona fide, fair, reasonable and adequate.

16. In considering the Plan of Allocation proposed by the Plaintiffs and Class Counsel, a copy of which is attached as Exhibit 3, Defendant Samson took no position as to how the Settlement Amount, as defined in the Agreement, should be allocated among Potential Class Members. The amount paid pursuant to the Agreement settles

all of the Settled Claims as defined in the Agreement and provides adequate consideration for dismissal with prejudice of the Class Suit. I conclude that the Plan of Allocation provides a well-defined method to calculate the amount owed to each Potential Class Member.

17. Accordingly, I find that the Plan of Allocation is fair, equitable, reasonable, and capable of implementation without undue administrative expense, and should be approved. In approving the Plan of Allocation, the Court specifically finds that the consideration paid by Samson, as provided in the Agreement, fully discharges Samson from any liability with respect to the Settled Claims.

18. Considering the Preliminary Payment Schedule I find the Preliminary Payment Schedule was prepared in accordance with the methodology set forth in the Plan of Allocation and should be approved.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED that:

1. This action is certified as a class action, for settlement purposes only, with the Settlement Class defined as follows:

ALL PERSONS OR ENTITIES WHO HAVE RECEIVED ROYALTY PAYMENTS FROM SAMSON FOR ROYALTY INTERESTS IN GAS PRODUCTION FROM PROPERTIES IN LA PLATA COUNTY, COLORADO, EXCEPT:

(a) those persons or entities whose underlying written oil and gas lease or assignment of overriding royalty interest therein expressly authorizes the deduction of expenses incurred to produce the gas or place it in marketable condition at a marketable location, including expenses of compression,

8

gathering, treatment and dehydration, but such persons or entities are not excluded to the extent their leases or assignments do not contain such express authorization;

(b) The United States of America insofar as its mineral interests are managed by the Minerals Management Service (but including instrumentalities of the United States and federally chartered corporations);

(c) The Southern Ute Indian Tribe;

(d) Samson and its affiliates and subsidiaries;

(e) Elm Ridge Exploration Co., LLC;

(f) Bayless Ranches LLC;

(g) Maralex Resources, Inc.

(h) BP America Production Co.;

(i) TH McElvain Oil & Gas Limited Partnership;

(j) San Juan Basin Properties LLC;

(k) Patricia Penrose Schieffer;

(l) McElvain Oil Company;

(m) Vaughn-McElvain Energy;

(n) J&M Raymond;

(o) Raymond & Sons I LLC;

(p) Tamacam LLC;

(q) XTO Energy Inc.;

(r) Charles W. Gay;

(s) Lorrayn Gay Hacker;

(t) Enervest Operating LLC, Agent for EV Properties LP; and

(u) The affiliates, subsidiaries, divisions, trade names, prior names, predecessors, later names, or successors of any of the persons or entities identified in 1(e) through 1(t) above.

2. The Agreement is bona fide, fair, reasonable, and adequate to the Settlement Class as required by Fed. R. Civ. P. 23(e). The Agreement is approved and is binding on the Plaintiffs and the other Settlement Class Members.

3. Each Settlement Class Member is deemed conclusively to have released and settled the Settled Claims.

4. All Settlement Class Members are barred and permanently enjoined from commencing or prosecuting either directly, representatively, derivatively or in any capacity, any of the Settled Claims against Samson and Samson's Additional Released Parties.

5. The Plan of Allocation attached as Exhibit 3 is approved as fair, equitable, reasonable and adequate to the Settlement Class.

6. The persons, firms and corporations listed on Exhibit 2 attached hereto have opted out of the Settlement Class and are excluded from the Class pursuant to Fed.R.Civ.P. 23(c)(3).

7. The Preliminary Payment Schedule attached hereto is approved.

8. Plaintiffs' motion for allowance of reasonable attorneys fees and expenses was in proper form. I find that Class Counsel should be reimbursed $19,953.69 for Litigation Costs advanced by Class Counsel in this action, and that Class Counsel should be awarded reasonable attorneys' fees in the amount of 25% of the Settlement

Amount remaining after first subtracting the above reimbursements of Litigation Costs and the proportionate amounts attributable to Potential Class Members who opted out. The Court further orders that such fees and Litigation Costs be paid to Class Counsel at the same times that distributions are made to Settlement Class Members.

9. Within forty (40) days following the entry of this Order, Samson shall prepare and file with the Court a Final Payment Schedule (by owner number only) to reflect, in addition to the information contained on the Preliminary Payment Schedule: (1) the accrual interest on the principal settlement amount at the rate of 4 percent per annum from November 1, 2009 through thirty (30) days following the Approval Event attributable to each Settlement Class Member; (2) each Settlement Class Member's pro rata share of the Litigation Costs and attorneys fees awarded to Class Counsel; and (3) the final amount to be paid to each Settlement Class Member pursuant to the terms of the Settlement Agreement after accrual of interest and reduction for Litigation Costs, applicable taxes, and attorney fees. Samson shall also deliver a copy of the Final Payment Schedule to Class Counsel in electronic form.

10. Within forty-five (45) days following the Approval Event, Samson shall mail Distribution Checks to each Settlement Class Member.

11. In the event successor or alternative payees are identified after entry of this Settlement Order and Judgment, Samson shall promptly notify Class Counsel and shall reissue to the new payee a Distribution Check as reasonably requested by Class Counsel within ten (10) business days of said written request. Samson shall have no liability to any Settlement Class Member due to payment of their share of the Settlement Amount to another person or entity based on written (including email) instructions from

Class Counsel. Samson may prepare a single Distribution Check for each owner identified on the Preliminary Payment Schedule even though that owner appears on multiple lines with different owner numbers used for identifying the original owner to which the settlement amount relates.

12. Any amounts due and payable pursuant to the Settlement that cannot be distributed by Samson shall be handled as directed in the Settlement Agreement.

13. This Class Suit shall be dismissed with prejudice.

14. Although this Order shall be a final judgment, the Court retains jurisdiction over the implementation and enforcement of the Settlement.

DATED at Denver, Colorado, on May 26, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge