IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-000673-WDM-KMT

LLH OPERATIONS LLLP, et al.,

        Plaintiffs,

v.

SAMSON RESOURCES COMPANY,

        Defendant.

## ORDER

      This matter is before me on the Joint Motion to Vacate July 2 Judgment. ECF No. 102. The parties object to the fact that the Clerk of this Court, following entry of my May 26, 2010 order approving the parties' settlement, entered a separate judgment based upon the terms of my order. ECF No. 101. The entry of such a separate judgment is the routine practice of the Clerk of this Court pursuant to the particular mandate of Fed. R. Civ. P. 58(a) that, with certain inapplicable exceptions, "every judgment and amended judgment must be set out in a separate document. . . ." Although one may argue that a district judge retains the inherent authority to enter a final judgment without the separate document signed by the Clerk of the court, the reality is that the Tenth Circuit strictly adheres to the requirement of a separate document, even if the rule is to be applied "mechanically." *Warren v. American Bankers Ins.*, 507 F.3d 1239 (10th Cir. 2007). When there is no separate document as required by Fed. R. Civ. P. 58(a), there may be uncertainty about whether final judgment has been entered to permit appeal and the time for appeal may be extended to 150 days from the entry of the order or judgment in the civil docket. Fed. R. Civ. P. 58(c)(2). *See*

1

*Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005). Accordingly, I do not accept the parties' argument that the order constitutes the final judgment without the necessity of a separate judgment prepared and filed by the clerk pursuant to Rule 58.

I do agree, however, that the judgment as prepared is inadequate because it improperly orders that post-judgment interest accrue, which is contrary to the terms of the settlement approved by me, and the language used in the judgment may well confuse the intended deadlines of my May 26, 2010 order.

Accordingly, it is ordered:

1. The parties' joint motion, ECF No. 102, is granted in part and denied in part.

2. The judgment filed July 2, 2010, ECF 101, is vacated and the Clerk of this court is ordered to prepare and file an amended judgment consistent with the terms of my May 26, 2010 order, ECF No. 99.

DATED at Denver, Colorado, on July 14, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge